TRUSTEES OF MUTUAL LOAN ASSOCIATION *vs.* JOHN G. PARSONS.

1. BUILDING AND LOAN ASSOCIATIONS—MORTGAGE LIENS—ENFORCEMENT AGAINST A NONSTOCKHOLDER.

A mutual loan association may enforce its mortgage lien against land after it has been conveyed to another subject to the mortgage, though the transferee has never been a stockholder in the association.

2. BUILDING AND LOAN ASSOCIATIONS—STOCKHOLDERS—ASSUMPTION OF RELATION.

If a purchaser of land subject to a mortgage of a loan association also purchased the owner's stock in the association, he assumed the latter's relation as stockholder therein.

3. BUILDING AND LOAN ASSOCIATIONS—PAYMENT OF DUES.

Payment by a stockholder of a mutual loan association of dues upon stock cannot be applied to reduce a mortgage on land purchased through the association.

(<em>April</em> 19, 1911.)

Judges BOYCE and WOOLLEY sitting.
C. W. Cullen and Francis H. Hoffecker for plaintiffs.
Robert G. Houston and Andrew J. Lynch for defendant.
Superior Court, Sussex County, April Term, 1911.

SCI FA SUR MORTGAGE to recover the debt of the mortgage on real estate owned by one who purchased the property burdened by the mortgage. The facts and questions presented appear in the charge of the court.

WOOLLEY, J., charging the jury:
Gentlemen of the jury:—This is an action instituted upon a mortgage made by one man to recover the debt of that mortgage from property now owned by another man.

The mortgage in the first instance was made and executed by John G. Parsons in 1888 to the Workman's Loan Association and by that association assigned in 1892, to the Mutual Loan Association, the plaintiff in this action.

[1] There is no dispute that at the time the mortgage was made, Parsons was a member of the Workman's Loan Association, and as a member he was a stockholder in that association. In 1888 John G. Parsons owned the land which he mortgaged to the Loan Association. It was later conveyed to William S. Hitchens, incumbered with the mortgage, and in 1896 it was conveyed to Wilmur H. Hayman, still incumbered with the mortgage, and today is owned by Hayman, as far as the evidence shows. If you find the whole or any part of the mortgage debt still due, the trustees of the Mutual Loan Association may enforce its lien against the land of Hayman, although Hayman was not the original member and although he might not be a stockholder.

The plaintiffs' claim is for six hundred dollars with interest from April 16 to June 22, 1902.

Wilmur H. Hayman claims that when he purchased the property burdened with the mortgage of six hundred dollars, he was allowed by the Mutual Loan Association, the plaintiff, the sum of two hundred and fifty dollars in reduction of the principal debt of six hundred dollars, and thereafter he paid three dollars per month, as interest, and three dollars per month in reduction of the mortgage debt, and that the mortgage debt thereby was reduced in a total equal to the sum which represents three times the number of payments he made monthly. This state of facts produces two issues or matters for your determination. The first whether the credit of two hundred and fifty dollars claimed by Wilmur H. Hayman to be in reduction of the debt represented by the mortgage was in fact such a payment or was a payment by Hayman to Hitchens for the interest which Hitchens might have had in the stock which Hitchens possessed at the time the conveyance of property from Hitchens to Hayman was made; second, whether the payment of three dollars per month was on the stock in the association by Hayman, or was, as he claims, in reduction of the principal debt.

Verdict.

[2]   If you find that Hayman paid two hundred and fifty dollars to Hitchens for Hitchens' stock, you should then also find that Hayman assumed Hitchens' relations with the association, which were the same as Parsons' original relations.   [3] In determining whether the monthly payments of three dollars were payments on the debt or upon stock, if you find that they were payments upon stock in the shape of dues upon stock, those payments are not properly to be considered in reduction of the mortgage obligation.   We may add that it is admitted from the character of the plaintiffs' claim, that Hitchens' arrears of interest have been paid by Hayman; so the plaintiffs' claim is for interest only upon the whole six hundred dollars.

Verdict for plaintiff.